# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| YOHANNEZ ANTONNIO, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DARREN MONDAY, )<br>)<br>Respondent. )<br>_____ ) | CIV 09-01558 PHX GMS (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE G. MURRAY SNOW:**

Mr. Yohannez Antonnio ("Petitioner"), filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 42 U.S.C. § 2241 on June 15, 2009, and an amended petition on October 14, 2009. See Docket No. 9. Petitioner asserts he was taken into Respondent's custody on or about May 9, 2009. In the amended petition Mr. Antonnio asserts his detention by Respondent violates United States law and his constitutional rights. At the time his petition was filed, Petitioner was confined in Eloy, Arizona.

On February 19, 2009, Respondent filed a notice to the Court asserting the petition for relief in this matter is now moot because Petitioner has been removed from the United States. See Docket No. 15.

1    Petitioner is a native and citizen of Ethiopia.
2 Petitioner entered the United States on or about August 7, 1981.
3 See Docket No. 15, Attach.
4    Respondent presents evidence to the Court that
5 Petitioner was released from detention, i.e., deported from the
6 United States from Chicago on or about February 16, 2010. Id.,
7 Attach.  At the time of his deportation Petitioner warranted
8 that he did not have any appeal of his "immigration case"
9 pending with the Board of Immigration Appeals, the United States
10 Ninth Circuit Court of Appeals, or the District Court.
11    The case-or-controversy requirement of Article III, §
12 2, of the United States Constitution "subsists through all
13 stages of federal judicial proceedings ... The parties must
14 continue to have a personal stake in the outcome of the
15 lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472,
16 477-78, 110 S. Ct. 1249, 1253-54 (1990) (internal quotations
17 omitted).  If it appears that the Court is without the power to
18 grant the relief requested by a habeas petitioner, then that
19 case is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th
20 Cir. 1991).
21    Petitioner was deported on or about February 16, 2009.
22 The relief that Petitioner requested in his habeas petition,
23 i.e., his release from continued and potentially indefinite
24 detention, can no longer be granted by the Court.  Therefore,
25 this habeas action, alleging his continued detention violates
26 federal law and his constitutional rights, is moot. See Abdala
27 v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding that
28 "there must be some remaining 'collateral consequence' that may

be redressed by success on the petition" in order for a habeas to continue); <u>Picrin-Peron</u>, 930 F.2d at 775; <u>Ferry v. Gonzales</u>, 457 F.3d 1117, 1132 (10th Cir. 2006); <u>Soliman v. United States</u>, 296 F.3d 1237, 1243 (11th Cir. 2002).

The Petition for Writ of Habeas Corpus is moot because the petition challenges only the legitimacy of Petitioner's continued detention and Petitioner has now been deported; accordingly, there is no existing case or controversy over which this Court may exercise jurisdiction.

**IT IS THEREFORE RECOMMENDED** that Mr. Antonnio's Petition for Writ of Habeas Corpus be **dismissed with prejudice as moot.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 3rd day of March, 2010.

_____
Mark E. Aspey
United States Magistrate Judge